UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:21-CV-645-RGJ

**VICTOR MARRERO-PEREZ,**                                                                                    **PLAINTIFF**

v.

**YANFENG US AUTOMOTIVE
INTERIOR SYSTEMS II LLC**                                                                                    **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

Defendant, Yanfeng US Automotive Interior Systems II LLC ("Yanfeng"), objects [DE 30] to the Magistrate Judge's order [DE 29] extending the discovery deadline in this case 90 days. In addition, Yanfeng moves for an extension of time to file its dispositive motion. [DE 32]. Since the filing of that motion, Yanfeng also moved for summary judgment. [DE 34]. For the reasons below, the Court **OVERRULES** Yanfeng's objections, **DENIES AS MOOT** Yanfeng's motion for extension of time, and **DENIES WITHOUT PREJUDICE** and with leave to re-file under a revised scheduling order, Yanfeng's motion for summary judgment. The parties are ordered to schedule a call with the Magistrate Judge for entry of a revised schedule.

**BACKGROUND**

Plaintiff Victor Marrero-Perez ("Marrero-Perez") worked for Yanfeng as an Injection Molding Operator. [DE 1-1, Compl. at 8]. Marrero-Perez took leave under the Family Medical Leave Act ("FMLA") because of cancer and care for his mother. *Id.* Marrero, who is Cuban [*id.* at 12], alleges that the person who replaced him on the first shift was a younger female employee [*Id.* at 9]. Because he was working second shift, Marrero frequently had to leave work early due to complications from his surgery and ongoing chemotherapy. [*Id.*]. Leaving work early would trigger Marrero's FMLA hours that he alleges would not have been taken if given the proper

accommodation. [*Id.*]. Marrero further alleges that his FMLA hours were overcharged and he was, on nine separate occasions, double charged for vacation time and FMLA time.

Between February 1, and April 11, 2017, Marrero was warned about his attendance four times. [*Id.* at 10]. Marrero filed grievances regarding his FMLA leave and Yanfeng's failure to accommodate with the union that represented him and directly with Yanfeng. [*Id.*]. Marrero was terminated from Yanfeng on April 27, 2018. [*Id.* at 11]. Marrero-Perez sued Yanfeng, alleging that his FMLA leave was improperly calculated, and that he was retaliated against for taking FMLA leave. He brings seven claims: discrimination based on national origin, age discrimination, American disability act discrimination, retaliation, wrongful discharge, FMLA violation, and constructive discharge. [DE 1-1]. Yanfeng denied Marrero-Perez's claims in its answer. [DE 20].

The Court referred this matter to the Magistrate Judge under 28 UC 636(b)(1)(A) to resolve all litigation planning issues, which included "entry of scheduling orders" and "resolution of all non-dipositive matters, including discovery issues." [DE 18]. On November 10, 2022, a scheduling order was entered, and the discovery deadline was July 17, 2023. [DE 22]. On January 3, 2023, Yanfeng served written discovery on Marrero-Perez and requested his deposition. [DE 30 at 158]. Since entry of the scheduling order the parties have filed joint status reports stating that discovery was on track to complete under the current schedule and the Magistrate Judge held several status conferences. [DE 23, DE 25, DE 26, DE 27]. On June 30, 2023, Merrero-Perez served written discovery on Yanfeng. [DE 30]. The same day, the parties submitted a Joint Status Report explaining the updates and again confirming in relevant part: "The deposition of Plaintiff has been requested and is being scheduled to occur prior to the discovery deadline. The parties understand the current deadline to complete discovery is July 17, 2023." [DE 27].

On July 6, 2023, the Magistrate Judge conducted a status conference with the parties. During the conference, Marrero-Perez requested a 90-day extension of deadlines because of "a language barrier inhibits prompt communication between client and counsel." [DE 30 at 158]. Yanfeng objected to this request and asked to brief the matter. The Magistrate Judge denied Yanfeng's request and directed Yanfeng to answer the outstanding discovery requests and move forward with scheduling Marrero-Perez's deposition. [DE 33]. After the hearing, the Magistrate Judge entered an order that stated, "Plaintiff having made his first request for an extension of the deadlines and based on a discussion with counsel," and among other things, extended the discovery deadline by 90 days from July 17, 2023 to October 17, 2023." [DE 29]. The order further stated "[a]ny further extension in this matter must be requested by agreement of the parties." [DE 29 at 155]. Yanfeng objects to the Order on several grounds. First, Yanfeng argues the Order "includes no consideration of Rule 16(b)(4), which must be applied when extensions request will result in modifications to the Scheduling Order deadlines . . ." [DE 30]. Second, Yanfeng argues there was time in the eleven days from the July 6 status conference to the July 17 discovery deadline to take Marrero-Perez's deposition. *Id*. Third, Yanfeng states that even if Rule 16(b)(4) was considered, good cause did not exist to extend the deadline. *Id*.

Since the filing of its objection, Yanfeng has taken he position that it did not need to respond to Plaintiff's discovery request and has refused to participate in discovery. On November 30, 2023, on day before the December 1, 2023 deadline for filing dispositive motions, Yanfeng filed a motion for extension of time to file its dispositive motion because lead counsel was admitted to the hospital for several days for a medical issue including and related to COVID-19, losing approximately three weeks of time due to illness. [DE 32 at 167]. At the same time, Yanfeng states that co-counsel was not able to assist fully due to depositions scheduled in separate matters.

Yanfeng recognizes further in its motion that the Court's ruling on its objection may "result in a need for a broader modification of Scheduling Order deadlines." [DE 32]. Yanfeng then filed its motion for summary judgment on December 22, 2023. [DE 34].

## STANDARD OF REVIEW

The Court referred all litigation planning issues, including entry of scheduling orders and consideration of amendments to same, to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A). [DE 18]. A party may object to a magistrate judge's non-dispositive order within fourteen days. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's non-dispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party shows that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). Factual findings are reviewed under the clearly erroneous standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* per curiam, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition)) (internal quotation marks omitted)). The Magistrate Judge's legal conclusions are reviewed under the contrary to law standard. *Gandee*, 785 F. Supp. at 686. A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Id.* citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D.Cal.1983).

## DISCUSSION

Under Fed. R. Civ. P. 16(b)(4) "[a] schedule may be modified only for good cause and with the judge's consent." According to the 1983 Advisory Committee's notes, the court may modify a scheduling order "[a]fter consultation with the attorneys for the parties and any

4

unrepresented parties—a formal motion is not necessary," upon "a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, 1983 advisory committee's notes. The 1983 Advisory Committee's notes further state that the good cause standard "seems more appropriate than a 'manifest injustice' or 'substantial hardship' test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery . . ." Fed. R. Civ. P. 16, 1983 advisory committee's notes. And "while prejudice to the defendant is not an express component of Rule 16, it is nonetheless a 'relevant consideration' . . ." in determining good cause. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

   1. Objections to Modification of Scheduling Order

Yanfeng argues the Magistrate Judge's order included no consideration of Rule 16(b)(4). The Magistrate Judge held a status conference and conferred with the parties on the record about the issue. The Order states that "Plaintiff having made his first request for an extension of the deadlines and based on a discussion with counsel." The Magistrate Judge's consideration of good cause took place on the record during the discussion with counsel and is implicit in the order that follows. That this was the Plaintiff's first request was a consideration, but it was not the sole consideration.

Yanfeng next argues there was time in the eleven days from the July 6 status conference to the July 17 discovery deadline to take Marrero-Perez's deposition. *Id*. Based on the calendar, there were 6 business days including the day after the status conference until the previous discovery deadline. The Court is neither persuaded it would have been realistic to arrange the deposition in that timeframe, nor does this Court have sufficient information to make that determination. And at that point the discovery deadline was extended three months and Yanfeng

had not answered Marrero-Perez's discovery requests. Further, the Magistrate Judge had directed Yanfeng to answer those discovery requests and work on scheduling the deposition. [DE 33]. And since filing its objection, Yanfeng has refused to schedule Marrero-Perez's deposition and refused to answer discovery. This behavior smacks of gamesmanship.

Third, Yanfeng states that even if Rule 16(b)(4) was considered, good cause did not exist to extend the deadline. *Id*. There is sufficient evidence that good cause existed in this case. It is true that Marrero-Perez could have been more expeditious in making his discovery requests. However, there is evidence based on the parties' status reports that efforts were made to conduct discovery within the original deadline. The original discovery period set under the scheduling order was roughly eight months. A 90-day extension of that deadline, three months, was not unreasonable and was not unfairly prejudicial to Yanfeng. Further, the Magistrate Judge's order made clear that "[a]ny further extension in the matter" would have to be "request by agreement of the parties." [DE 29 at 155]. In short, the extension of the discovery deadline from July 17, 2023 to October 17, 2023 was not "clearly erroneous or contrary to law." Yanfeng's Objections are **OVERRULED**.

2. Motion for Extension of Time to File Dispositive Motion

The day before dispositive motions were due, Yanfeng move for an extension of time due to counsel's illness and co-counsel's inability to work on the case due to depositions scheduled in another matter. The Court is sympathetic to counsel's illness. Complications from illness coupled with the realities of the practice of law make the motion for extension understandable. But counsel's refusal to participate in discovery over a modest extension in the schedule cuts against a finding of diligence in moving the case forward. Further, the refusal to participate in discovery has been unfair to Marrero-Perez.

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995). A summary judgment motion "may not be granted until a plaintiff has had an opportunity for discovery." *Tucker v. Union of Needletrades, Indus., & Textile Emps.,* 407 F.3d 784, 788 (6th Cir. 2005). Indeed, summary judgment motions "filed before the close of discovery [are] often denied as premature in [the Sixth C]ircuit, either on the opposing party's Rule 56(f) affidavit and request or on the [C]ourt's own initiative without an explicit request from the opposing party." *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (quoting *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010)) (emphasis added); *see also Dixon v. Grand Trunk W. R.R. Co.*, 259 F. Supp. 3d 702, 711 (E.D. Mich. 2016) (Murphy, J.) (noting that the Court denied a summary judgment motion as premature when the motion was filed before the discovery deadline).

In response to Yanfeng's motion for summary judgment, Marrero-Perez has requested to be able to complete discovery. Typically, this request would be supported by an affidavit that states "the materials [Plaintiff] hopes to obtain with further discovery." *Summers v. Leis,* 368 F.3d 881, 887 (6th Cir. 2004). But Fed. R. Civ. P. 56(d) is also satisfied if the party complies with its "substance and purpose" by "informing the district court of her need for discovery prior to a decision on the summary judgment motion." *Moore v. Shelby Cty.*, 718 F. App'x 315, 319 (6th Cir. 2017) (internal quotation marks and formatting omitted). In *Moore*, the Sixth Circuit concluded that the plaintiff made a sufficient request for additional discovery when she did so in a summary judgment motion but did not file a FRCP 56(d) affidavit. *Id*. Granting summary judgment simply because the plaintiff did not file a "redundant" FRCP 56(d) affidavit, the court held, would "unduly exalt form over substance." *Id*.

Moreover, the Court is inclined to deny Yanfeng's motion for summary judgment as premature on its own initiative. Here, the discovery ordered completed by the Magistrate Judge has not been completed and Marrero-Perrez has made a sufficient showing for the need to complete discovery before responding to Yanfeng's motion for summary judgment. Also, the scheduling deadlines in this case will need to be reset considering this Court's denial of Yanfeng's objections and summary judgment is premature. Accordingly, Yanfeng's motion for extension is **DENIED AS MOOT** and the Court will **DENY WITHOUT PREJUDICE** Yanfeng's motion for summary judgment, with leave to refile after the discovery is completed.

## CONCLUSION

For the reasons above, **IT IS ORDERED** as follows:

1. Defendant Yanfeng's objections [DE 30] to the Magistrate Judge's order [DE 29] are **OVERRULED;**

2. Defendant Yanfeng's motion for extension of time [DE 32] is **DENIED AS MOOT**. [DE 32].

3. Defendant Yanfeng's motion for summary judgment [DE 34] is **DENIED WITHOUT PREJUDICE** and with leave to refile after the re-set discovery deadline.

4. The parties are ordered to schedule a conference with the Magistrate Judge to revise the schedule in accordance with this order.

Rebecca Grady Jennings, District Judge
United States District Court

January 30, 2024